No.  13-60081

_____

# IN UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

In re:  ALEN L. LY,

Appellant,

v.

MICHELLE V. CHE,

Appellee.

_____

On Appeal from the Bankruptcy Appellate Panel

for the Ninth Circuit

_____

# REPLY BRIEF

_____

EDGARDO M. LOPEZ  SBN 129575
LAW OFFICES OF EDGARDO M. LOPEZ
3600 Wilshire Boulevard, Suite 1716
Los Angeles, California 90010
Telephone: (213) 380 3939
Facsimile:  (213) 380 1611

*Counsel for Appellant ALEN L. LY*

# <u>TABLE OF CONTENTS</u>

PAGE

Table of Contents …………………………………………….............*i*

Table of Authorities………………………………………………*ii*

ARGUMENTS……………………………………………...........1

Prefatory Statement ………………………………………………1

Appellant Failed to Show She Has Prudential
Standing by Not Presenting Evidence in Support
of her Motion that She is a Secured Creditor ………………………2

Appellant and His Counsel Should Not be
Sanctioned for Bringing a Clearly Meritorious Case ………………12

CONCLUSION...…………………………………………..17,18

Compliance ……………………………………………………...19

Certificate of Service ……………………………………………20

# <u>TABLE OF AUTHORITIES</u>

## I.  CASES                                                    PAGE

1. *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*
    454 B.R. 100, 2011 (B.A.P. 9th Cir. 2011……………………2,3,14,16,17

2. *Veal v. American Home Mortgage Servicing, Inc.*
    (*In re Veal*), 450 B.R. 897 (9th Cir. BAP 2011)……...........2, 3,4,9,14-16

3. *Dumore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004)…………..6


## II.  STATUTES, RULES & SECONDARY SOURCES

1.  11 U.S.C. §§ 362(d)(1) …..……………………………….............1,2,6

2. Local Bankruptcy Rules 1001.1…..……………………………………7

3. Local Bankruptcy Rules 1001.1(f)………………………………………12

4.  Local Bankruptcy Rules 4001.1(b)…..………………………………….7

5. Local Bankruptcy Rules 9013…………………………………………9

6. 1-10 *Collier Consumer Bankruptcy Practice Guide* P 10.14……………..8

7.  4-26 *MB Practice Guide: Fed Pretrial Civ Proc in CA* 26.21…………..9

**ARGUMENTS**

<u>PREFATORY STATEMENT</u>

Appelle's Opening Brief fails to advance any lucid arguments to address the issues on appeal, but rather it opted to take the low road of engaging in diatribes and personal attacks against Appellant's attorney for filing an appeal with the BAP and this court.

Since the filing of the motion for relief from automatic stay by Appelle Michelle Che ("Che") with the Bankruptcy Court pursuant to 11 USC § 362(d)(1) (§ 362) ("the motion"), Appellant Alan L. Ly ("Ly") has consistently argued that Che lacks prudential standing. This argument is based on the fact that while Che has alleged in her motion that she is a Holder of a Deed of Trust ("HDT") – by checking off the box for a holder of a deed of trust on the mandatory bankruptcy motion form – she, however, failed to prove in her declaration in support of the motion and the attached exhibits thereto that she is indeed what she claims to be relative to her standing in filing the motion.

This case could have been easily resolved if Che confronted the issue frontally by presenting evidence that she is a HDT on the subject property. As it turned out, not only did she fail to present evidence when she filed a Reply to Ly's opposition to the motion before the bankruptcy court, she

1

likewise failed to do the same during oral argument of the motion. The fact of the matter is, Che really has no evidence to prove that she is a HDT and so she has consistently danced around the issue.

I.

APPELLEE FAILED TO SHOW SHE HAS PRUDENTIAL STANDING BY NOT PRESENTING EVIDENCE IN SUPPORT OF HER CLAIM THAT SHE IS A SECURED CREDITOR

A. **Failure to Produce A Deed of Trust**

Che in her opening brief states:

"A 'colorable claim' defined by Cornell University Law School's Legal Information Institute as a plausible legal claim. (ER I BAP's Memorandum, Page 14 Lines 25-26). The court in *In re Edwards*, it stated that "*Veal* essentially recognizes a motion under § 362 if it either: (a) owns or has another form of property interest in a note secured by the debtor's (or estate's) property; or (b) is a 'person entitled to enforce'. . . such a note under applicable state law." *In re Edwards*, 454 B.R. at 105 (2011). Che also has established prudential standing as she is asserting her own claim as she is the owner of the Myrte property **per the judgment** entered in the Superior Court of CA on April 22, 2011. (ER II, Page 244)." (Che's Opening Brief, ¶2, p.12). [Emphasis and underscore supplied]

Che correctly cites the above-quoted portion of *In re Edwards* citing *Veal*, which held that a relief from stay motion under § 362 is proper if: (1) the movant is the *owner of the note* secured by the debtor's or estate's property; (2) the movant has another form of *property interest in a note* secured by the debtor's or estate's property; or (3) the movant is a person

2

*entitled to enforce the note* under applicable state law.  In other words, there has to be a note securing the property and the moving party must own the note, has  a property interest in the note or said moving party is entitled to enforce the note under state law.

However, Che's underscored conclusion above, after outlining the definition of "colorable claim" enunciated by *In re Edwards* quoting *Veal*, is a non-sequitur because a    judgment is not synonymous to a note and vice versa.  Che did not show proof she owns the note that secured the property in question;  did not have a property interest on the note;  and is not entitled to enforce the note.  In fact, there is no note or a deed of trust to talk about since Che did not produce evidence of it.

The case of *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 2011 Bankr. LEXIS 2359 (B.A.P. 9th Cir. 2011), cited by BAP and Che, has a similar fact pattern as the instant case.  The court in *Veal* held that Wells Fargo has no standing to bring a relief from stay motion for its failure to present evidence that it is the owner of or has the right to enforce the promissory note.  In its finding of fact the *Veal* court said:

> "Meanwhile, on October 21, 2009, Wells Fargo filed a motion for relief from stay to enable it to commence foreclosure proceedings against the property. Wells Fargo <u>alleged in the motion that it was a secured creditor pursuant to a first priority mortgage. None of the three exhibits attached to the motion, however, directly supported this allegation</u>: its first exhibit was

a copy of the same mortgage that AHMSI attached to its proof of claim; its second exhibit was an itemization of postpetition amounts due; and its final exhibit was a copy of the Veals' Schedules A and D. Wells Fargo submitted no other documents with its motion. <u>As a result, Wells Fargo presented no evidence as to who possessed the Note and no evidence regarding any property interest it held in the Note</u>. *Id.* at 904. (Underscore supplied).

As mentioned, the present case is not dissimilar. Che, through counsel, filed her motion where she alleged that she is a secured creditor by checking off the box for "Holder of Deed of Trust" on the mandatory bankruptcy motion form (note that the motion form explicitly requires that it be signed under penalty of perjury). And, like in *In re Veal*, none of the exhibits attached to Che's motion support the contention that she is a secured creditor. Che did not attach a deed of trust, or an assignment of the same in her favor as proof that she is indeed the owner or holder thereof. While it is true that Che stated in her declaration that she has a state court judgment showing that she is the owner of the property with an attached copy of said judgment as an exhibit, the same does not support the allegation that she is an HDT.

The absence of a deed of trust is pointed out by Appellant during oral argument in the bankruptcy court, but the judge indicated that there was a deed of trust furnished by Che in her Reply. The following conversation transpired:

4

"MR. LOPEZ:    I don't see the deed of trust that was produced by the moving papers.

THE COURT:    The deed of trust was furnished by opposition papers - - reply papers, in response to your opposition."   (ER I, 46: Lines:7-11) (Underscore supplied).

The bankruptcy judge is correct that there is a deed of trust that was furnished in Che's Reply to Ly's opposition to the motion.   In fact there were two deeds of trust representing the loans obtained by Che when she purchased the subject property in 2005.   The first deed shows Che borrowed $396,000.00 (ER, 103) and the second deed indicates that Che took a $99,000.00 loan. (ER, 125-126).   However, these loans were paid off when Ly purchased the property in 2006, as evidenced by the escrow documents (ER, 174-179)  and the loan obtained by Ly from NBGI (ER, 180-183)(RJN, 32)(which deed of trust was eventually assigned to Bank of America, ("B of A") (RJN 52).

But the important question is not the presence or absence of any deed of trust but rather who owns it or who has the right to enforce the note.  So, going back to the two deeds referred to by the bankruptcy judge attached  to the Reply, it appears that she was neither a HDT nor the owner of the notes. Che's connection to the deeds of trust is that she was a borrower but not the owner and an HDT; the owner of the notes was First Street Financial, Inc. (ER, 103, 125).   In fact, the BAP itself unequivocally stated during oral

argument that "[e]very body would agree here that Ms. Che did not have a Note or Deed of Trust." (ER, 3, Lines:7-8).

Analyzing the evidence within the principles of prudential standing, it is well-settled that a party asserts only its claim rather than the claims of another. *Dumore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). In the instant case, a situation is created where Che, countenanced by the bankruptcy court and the BAP, is allowed to have standing when she filed the motion under §362, by asserting the right of another - that of First Street Financial, Inc., the holder of the two deeds of trust attached as Exhibits to Che's Reply. Obviously, this situation contravenes *Dunmore*, *supra*, and an array of other cases elucidating the meaning of prudential standing. There is no way Che could have had prudential standing under § 362 because even at present, she is proscribed from asserting the right of B of A, the current holder of the deed of trust on the property in question.

## B. <u>Che Failed to Comply with Local Bankruptcy Rules</u>

During oral argument, the BAP realized that Che and her attorney had misused the mandatory form F 4001-1 for filling in that she is an HDT where in fact she is not. The BAP downplays the mistake by saying that Che filed the motion *pro se* and that forms can be worse (sic) thing in the world and that mistakes happen. (Ly's AOB, ¶ 2, p. 12; ¶2, p.13).

6

But the use of the mandatory form used by Che is part of the Local Bankruptcy Rules (LBR) implemented by California Central District Bankruptcy Court to supplement Federal Rules of Civil Procedure, which are incorporated in the Federal Rules of Bankruptcy Procedure for the just, speedy, and economic determination of cases, and therefore must not be ignored. LBR 1001.1(b)(1), reads:

> "The Local Bankruptcy Rules are adopted pursuant to 28 U.S.C.§ 2075, F.R. Civ. P 83, and FRBP 9029. They are intended to supplement the FRBP and those portions of the F.R.Civ.P. that are incorporated b y the FRBP. The Local Bankruptcy Rules are to be construed consistent with, and subordinate to, the FRBP and F.R.Civ.P. and to promote the just, speedy, and economic determination of every case proceeding." (Underscore supplied).

LBR 4001.1.(b) specifies the use of the mandatory form F4001-1 series, to wit:

> "Motions. Any entity seeking relief from automatic stay, imposition of the stay, ……….must file a motion using the court-mandated F4001-1 series of form motions. The failure to use the mandatory forms may result in the denial of the motion or the imposition of sanction." (Underscore supplied).

Implicit in the use of the mandatory F4001-1 series forms is that they must be utilized under the proper circumstances. The importance of using the proper form and providing essential information to the form in a relief

from stay motion has been addressed in the following bankruptcy practice guide, to wit:

> "The nature and extent of the nondebtor's claim should be set forth in the motion and appropriate supporting documents should be attached to the motion as exhibits, or a separate proof of claim may be filed and incorporated into the motion by reference. <u>Particular attention should be paid to stating facts that show the moving party is the party that is entitled to enforce the obligation and thus has standing to file the motion.</u> *1-10 Collier Consumer Bankruptcy Practice Guide P 10.14.* (Underscore supplied)

Obviously, the form motion used by Che which is F4001-1.MOTION.RP, titled "Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. §362 (**with Supporting Declarations**) Regarding Real Property," (Emphasis supplied) is designed to limit the type of movants to three categories connected to a Deed of Trust, to wit: (1) Holder of Deed of Trust (2) Assignee of Holder of Deed of Trust and (3) Servicing Agent for Holder of Deed of Trust or Assignee of Holder of Deed of Trust. (ER II, 186). It is well known in bankruptcy practice that this form is used by banks, or mortgage companies which are foreclosing on real properties due to nonpayment of mortgages by homeowners.

The form is very specific in its instructions that the motion must be filed with supporting declarations and on page 4 of the form under Item 5 titled "**Evidence in Support of Motion:** (*Important Note: Declaration(s)*

***in support of the Motion MUST be attached hereto.)***" (emphasis original).

it requires the movant to submit declarations to provide evidence in support of the motion. (ER II, 189). Affidavits or declaration in support of a motion should set forth the evidence demonstrating the need for the relief sought. 4-26 *MB Practice Guide: Fed Pretrial Civ Proc in CA* 26.21. LBR 9013-1(i) under the rubric "Evidence on Motions, Responses to Motions, or Reply" provides:

> "Factual contentions involved in any motion, opposition or other response to a motion, or reply, must be presented, heard, and determined upon declarations and other written evidence. <u>The verification of a motion is not sufficient to constitute evidence on a motion, unless otherwise ordered by the court.</u>" (Underscore supplied)

Applying the above LBR, it is not sufficient that Che verified the motion and by itself could stand alone without supporting evidence determined upon declarations and written evidence.

In the instant case, Che, like Wells Fargo in *Veal*, failed short of the requirement when her declaration did not reflect that she is an HDT and her exhibits to the motion did not include any document purporting to show that she is a holder thereof. Simply put, Che used the F4001-1.MOTION.RP form but the accompanying declarations and exhibits failed to support the motion.

9

Caroline Kim, Esq., Ms. Che's attorney tries to justify her act of checking the box for "Holder of Deed of Trust" on the form by rationalizing there is no other choice. At the BAP, the following dialogue occurred:

> "THE COURT:    Well, that's correct but why then on initial motion did you fill in the Deed of Trust box?
>
> MS. KIM:   I guess because there was no other choice on the Deed of Trust box for that template motion."  (ER II, 12, Lines 22-25).

The excuse is quite disingenuous given the fact that Ms. Kim who has handled 1590 bankruptcy cases since 2007 would only speculate that the reason she filled in the Deed of Trust box because there was no other choice.

The bottom line is, Che and her attorney made conscious efforts to represent to the bankruptcy court that Che is an HDT. The first page of the motion where Ms. Kim claims  she had no choice is not the only page where she indicates Che is an HDT.  In the following documents associated with the motion, Che consistently made that claim, to wit:

> "Grounds for Relief from Stay" Item 3.a.(3)(b) box is marked stating  "Postpetition payments due on the <u>note secured by a deed of trust</u> on the Property have not been made to the Movant." (ER, 188-189) (Underscore supplied).

> "On the "Real Property Declaration" under Item 8, Che had a choice which box to mark where it states "Movant holds a: 'deed of trust,' 'judgment lien,' and 'other (specify).'" Instead of marking "other," Che marked the box for "<u>deed of trust</u>." (ER, 192) (Underscore supplied).

10

> "On the "Real Property Declaration" under Item 11 titled 'Status of Movant's loan,' Che indicates that Ly has mortgage payment obligations of $2,000 a month on the subject property and had missed 76 payments or a total of $152,000." (ER, 192).

Che's counsel – who prepared the motion – could not feign ignorance of the implications of these allegations since she claims to specialize in bankruptcy practice in her declaration in support of her motion for sanction filed before this court, by declaring that she has "exclusively practice[d] bankruptcy since 2007 and [has] filed in excess of 1590 bankruptcy cases . . ." (ER, 31, ¶ 2).

The evidence is very clear that Che used the wrong form when she filed her motion by claiming that she is an HDT. The proper motion form that Che should have used is F 4001-1.RFS.UD.MOTION titled "Notice of Motion and Motion for Relief from Automatic Stay or for Order Confirming that the Automatic Stay Does Not Apply under 11 U.S.C. §362(l) (with supporting declarations) (UNLAWFUL DETAINER)." (RJN, 64-72). It is quite unbelievable that Ms. Kim, a bankruptcy practitioner, who has filed thousands of cases would make a mistake using a mandatory form since in her motion, she attached Che's declaration indicating that she had initiated an unlawful detainer ("UD") action against Ly and the UD summons and complaint to prove it.

It is palpable that Che failed to comply with the LBRs of the California Central District Bankruptcy Court and noncompliance of the LBRs are sanctionable under the rules, thus LBR 1001.1(f), provides:

> "**Sanctions for Noncompliance with Rules**. The failure of <u>counsel or a party</u> to comply with these Local Bankruptcy Rules, with the F.R.Civ.P. or FRBP, or with any order of court may be grounds for the imposition of sanction."

Notwithstanding the BAP's attempt to reduce the significance of Che using the wrong form in filing her motion, the LBRs must be given force and effect otherwise, the LBRs would be nugatory and as a consequence would lose their effectiveness. It is ironic that it is Ly and his attorney that were sanctioned by the BAP instead of Che and her attorney for noncompliance with the LBRs.

II.

<u>APPELLANT AND HIS COUNSEL SHOULD
NOT BE SANCTIONED FOR BRINGING
A CLEARLY MERITORIOUS APPEAL</u>

It would be somewhat safe to assume here that the BAP already prejudged the appeal prior to oral argument when they decided that Che had prudential standing, although she is not an HDT, because she filed her motion by mistake given that she was in *pro se*. When it was later discovered that her motion was actually filed through an attorney, the BAP

intimated that although "forms can be helpful, they can also be the worse thing in the world."

This assumption appears clear in the BAP transcript. In the beginning of the oral argument, the following happened:

> "MR. LOPEZ:    ………And prudential standing requires that the party must assert its own claims rather than that of of another party. In this case, your Honor, it would appear that the appellee lacks the prudential standing to assert a motion to relieve stay under 362 given the fact that she was not a party that was holder of Deed of Trust.
>
> THE COURT:    That's irrelevant and you know it's irrelevant. The record establishes with a certified copy, the judgment in the state court that she had an ownership interest in the property. When the motion was filed pro se, she checked the Deed of Trust box. She didn't have an ownership option there, but in the supporting declaration, she indicated she was the owner of the property……."
>
> (ERII, 2, Lines: 4-18)

The above dialogue is basically the summary of the appeal and to challenge the bankruptcy court's ruling and the BAP's decision on this issue is not frivolous but a meritorious question as to the definition and limits of prudential standing, relative to who has prudential standing to file a motion for relief from automatic stay in a bankruptcy court.

The case presents a unique situation. Ly who purchased the property from Che in 2006, took a loan from NBGI (assigned to B of A). Four years later in 2010, Che sued Ly to quiet title. Because Ly was represented by a

13

suspended attorney, Che obtained a default judgment against Ly. Ly is still obligated under the loan to pay to Bank of America but he must vacate the property because of the state judgment in favor of Che. Che has property interest on the subject property but B of A has the Deed of Trust and the note and Ly is liable under the loan pursuant to the loan documents he signed. Even the BAP had to admit that this matter is unusual. Thus:

> "MR. LOPEZ:      I misunderstood the case law because I never encountered a case where the – the party who files the motion to lift stay is not a holder of Deed of Trust, or a holder of a Note and then comes into the bankruptcy court, files for a Motion 362.
>
> THE COURT:      Well, you know, this is a fairly <u>unusual case</u>. ………."

(ER II, 7: Lines: 16-22). (Underscore supplied).

If the facts of this case are unusual, it merits a thoughtful conversation as to whether or not Che indeed has a prudential standing under the unique facts surrounding the matter, i.e., B of A is the HDT, Che is the adjudged property owner pursuant to a state court order and Ly, the borrower, who has an outstanding obligation to B of A under the loan agreement.

In deciding on this case, the BAP relied on two cases relative to the issue of prudential standing, namely: *Veal v. Am. Home Mortg. Servicing, Inc.* (*In re Veal*), 450 B.R. 897, 913 (9th Cir. BAP 2011) and *Edwards v. Wells Fargo Bank, N.A.* (*In re Edwards*), 454 B.R. 100, (9th Cir. BAP 2011).

14

### *In re Veal:*

In the oral argument, the BAP misstates the ruling in *Veal*.  To wit:

> "MR. LOPEZ:     From the caseload I read, your Honor, I thought that the – the holder of the Note –
>
> THE COURT:     That's not relevant in this circumstance.
> MR. LOPEZ:     Okay.
>
> THE COURT:     You tell us that you've read Veal.
>
> MR. LOPEZ:     Yes.
>
> THE COURT:     Veal says that when you're dealing with a a claim or a motion for relief from stay on the part of a secured lender, yes, they must have the authority and they must establish it to get standing, prudential, that they can enforce the obligation.  <u>But there is an alternative way to establish and that is having an ownership or title interest in the subject property which is exactly what Ms. Che has.</u>
>
> MR. LOPEZ:     Still a case law ---
>
> THE COURT:     <u>That's what Veal says</u>.  That's also what your subsequent published opinion in Edwards says.
>
> (ER II, 5: Lines: 4-21)

The "colorable claim" against the property or having an ownership or title interest referred to in *Veal* relates to an interest, ownership or other interest in a **Note** and contrary to BAP's interpretation, nothing is mentioned in the *Veal* case about an alternative way similar to Ms. Che's situation.  The *Veal* court said:

> "As a result, to show a colorable claim against the Property,

15

> Wells Fargo had to show it had some interest in the Note, either as a holder, as some other "person entitled to enforce," or that it was someone who held some ownership or other interest in the Note."

Ly's attorney could not have been guilty of misrepresentation in citing *Veal* since that case involves the failure of the relief from stay movant to prove that it is a secured creditor, which is similar to the present case of Che who, at the risk of being repetitive, has alleged in her motion that she was a secured creditor and – like Wells Fargo in *Veal* – failed to prove that she is such a secured creditor by not presenting a copy of the deed of trust.

### *In re Edwards:*

*Edwards* has a different issue from *Veal*.  In *Veal* the issue is whether Well Fargo has an ownership or other property interest in the debtor's secured note.  On the other hand, in *Edwards* (which also involves Wells Fargo as the movant under §362), the issue is whether the foreclosure of the property and the UD judgment taken together demonstrate that Wells Fargo has some property interest in the property.

Ms. Edwards, the appellant filed a bankruptcy petition after the foreclosure sale.  In its motion for relief from stay, Wells Fargo attached a foreclosure Trustee's Deed Upon Sale and UD documents including a writ of possession.  *Edwards* held that Wells Fargo acquired title to the property after the foreclosure sale in that under California law, "the purchaser at the

16

foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of the trustor." *Edwards*, 454 B.R. at 106. With the Trustee's Deed Upon Sale with the combination of additional rights acquired by Wells Fargo through the UD judgment, *Edwards* ruled that Wells Fargo satisfied a colorable claim to an ownership interest in the property and therefore has prudential standing in asserting its own legal rights in filing the motion.

*Edwards* case does not apply to Che as it is distinguishable. In the present case, B of A, the assignee to the Deed of Trust, has not initiated foreclosure proceedings on the subject property against Ly and so technically, Ly is still the owner and have rights over the property. Che's only evidence of interest in the property is the state court judgment but there is no evidence that a deed under Che name's has been properly recorded.

In the final analysis, this appeal merits attention and this court needs to sort out the complex issues presented and this appeal is far from frivolous as Che and attorney would like us to believe.

## CONCLUSION

The Court should reverse the decision of the Bankruptcy Appellate Panel, by denying the motion for relief from automatic stay filed by Che on the ground that she failed to establish that she is a real party in interest and

therefore lacks prudential standing and by not finding the appeal filed by Ly

as frivolous. It is further prayed that the order of the BAP that Ly and Lopez

should pay a fine amounting to $6,764 be set aside.

DATED:   December 13, 2013


s/ EDGARDO M. LOPEZ     SBN 129575
Attorney for Appellant ALEN L. LY
3600 Wilshire Boulevard, Suite 1716
Los Angeles, California 90010
Telephone (213) 380 3939
Facsimile (213) 596 3772

## COMPLIANCE PURSUANT TO
## FED. R. App. P. 32(a)(7)(C) and Circuit Rule 32-1

I hereby certify that this Reply Brief complies with the length limits set forth at Ninth Circuit Rule 32.  The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (7), and contains 4,457 words.

DATED:  December 13, 2013

s/ EDGARDO M. LOPEZ
Counsel for Appellant
ALEN L. LY

19

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING
## Pursuant to FED. R. App. P. 25(b)(c)(d) & Circuit Rule 25-5(g)

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 13, 2013.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED:  December 13, 2013

s/ EDGARDO M. LOPEZ
Counsel for Appellant
ALEN L. LY

20